IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON A. JOYNER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-953-CFC |
| OFFICER HAMMOND, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington on this Eighteenth day of March in 2024, the Court having considered Plaintiff's Complaint (D.I. 2); supplement to the Complaint (D.I. 8); motion to amend (D.I. 13); motion to compel the preservation of evidence (D.I. 4, 7); and request for appointed counsel (D.I. 14);

**Screening of Complaint.** In the original Complaint and in the motion to amend, Plaintiff brings claims against Defendants Hammond, Luke, May, Faulkner, and Dotson related to their alleged failure to protect him from an April 12, 2023 assault by another inmate. He seeks damages and injunctive relief changing an alleged prison policy. As to these claims, Plaintiff has satisfied the filing prerequisites of 28 U.S.C. § 1915A, and the Court has identified what appear to be cognizable and non-frivolous 42 U.S.C. § 1983 claims within the meaning of 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

In the supplement to the Complaint and in the motion to amend, Plaintiff seeks to bring claims for excessive force and retaliation that appear to be wholly unrelated to his failure to protect claims. These claims will be dismissed without prejudice to Plaintiff bringing them in a separate action. *See* Fed. R. Civ. P. 20; *Mai v. Blades*, 2023 WL 7324547, at *2 (D. Del. Nov. 7, 2023).

Although, as noted, Plaintiff will be allowed to proceed on his failure to protect claims against Defendants Hammond, Luke, May, Faulkner, and Dotson related to their alleged failure to protect him from an April 12, 2023 assault by another inmate, these claims and allegations are currently split between the Complaint and motion to amend, and intermixed in the motion to amend with the excessive force and retaliation claims that will be dismissed. Accordingly, Plaintiff will be directed to file an amended complaint containing all allegations related to the alleged failure to protect him from the April 12, 2023 assault. This amended complaint will supersede all previous filings. The previous filings will not be considered after the amended complaint is filed. The amended complaint should **not** contain Plaintiff's excessive force and retaliation claims.

**Motions to Compel the Preservation of Evidence.** Plaintiff has filed a motion to compel Defendants to preserve any existing video footage of the April 12, 2023 assault. (D.I. 4) It will be granted. Plaintiff has also filed a motion to

compel Defendants to preserve any existing video evidence of the unrelated alleged excessive force incident. (D.I. 7) It will be denied as moot.

**Request for appointed counsel.** Plaintiff requests counsel on the grounds that he has not litigation experience, little education, and mental health issues; he is confined in the Security Housing Unit and has little access to the law library or methods of investigation; he cannot afford counsel; and he has not ability to conduct discovery. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel, however, may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, courts should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own

behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel at this time. The case is in its early stages still and is not complex, and Plaintiff appears to have the ability to present his claims with the resources available to him. Accordingly, the request for appointed counsel will be denied without prejudice to renew.

Now therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (D.I. 4) is **GRANTED**.

2. Plaintiff's motion to compel (D.I. 7) is **DENIED as moot**.

3. Plaintiff's motion to amend (D.I. 13) is **DENIED as moot**.

4. Plaintiff's request for appointed counsel (D.I. 14) is **DENIED without prejudice to renew.**

5. On or before April 26, 2024, Plaintiff shall file an amended complaint containing only his failure to protect claims against Defendants Hammond, Luke, May, Faulkner, and Dotson related to their alleged failure to protect him from an April 12, 2023 assault by another inmate. **Failure to timely file an amended**

**complaint may result dismissal of this matter for failure to prosecute**. After the amended complaint is timely filed, the Court will direct service on Defendants.

_____
Chief Judge